W. D. ELLIS v. A. H. ROSCOE, et al.

VENDOR'S LIEN.    *When stayor entitled to be substituted to.*   Where execution on a judgment for the amount of a note secured by an express lien on land sold has been stayed, the stayor, if compelled to pay it, is entitled to be substituted to the rights of the vendor in the enforcement of the lien, and if there be other notes given for the land, and the proceeds of the sale are not sufficient to satisfy all, the stayor would be entitled to his pro rata share.

FROM DAVIDSON.

Appeal from the Chancery Court.    S. D. FRIERSON, Chancellor.

HAMILTON and JOHN REID for complainants.

N. and ED. BAXTER for defendant.

MCFARLAND, J., delivered the opinion of the Court.

Certain real estate was sold for partition by the heirs of John Boyd, deceased.    A. H. Roscoe purchased two lots, and executed three notes, due severally at one, two, and three years each, for one-third of the price, to wit: $431.66, with personal security.    A deed was made to Roscoe, which, upon its face, retained a lien for the payment of the notes, by way of dividing the proceeds of the sale among the heirs, one of the notes was delivered to Hays and wife, one to Williams and wife, and one to John O. Ewing, they

being heirs. Ewing sold his note to Warren & Moore, who sued Roscoe before a Justice of the Peace, and obtained judgment. The complainant Ellis became surety for stay of execution on this judgment, and was compelled to pay it. He filed this bill to be substituted to the lien of the vendor, and made the holders of the other two notes parties. They answer, and resist his claim to share with them the benefit of the lien. The land was sold, but did not produce a fund sufficient to pay the three claims.

The Chancellor held that Hays and wife, and Williams and wife, should be paid in full, and that the complainant was only entitled to the surplus. He has appealed from this decree.

It cannot be denied, and is, in fact, conceded, that the several holders of the three notes were jointly entitled to the benefit of the express lien retained in the deed, and if, upon enforcing this lien, the land failed to realize a fund sufficient to pay all, that they must share the fund pro rata. This principle has been often recognized.

It is also well settled, and not denied, that the benefit of an express lien like this, in the nature of a mortgage, passes with the note when transferred to a third party.

It is furthermore conceded, that a security upon the note, if compelled to pay it, will be substituted in equity to the lien of the creditor, and entitled to enforce it for his own benefit.

But it is first argued, that the creditor, by accept-

ing a stayor, waives and abandons his lien, and, consequently, has no lien left to which the stayor may be substituted upon paying the debt.

We think this position is untenable. The authorities referred to are cases where no express lien is retained, and the question was, whether there was an implied lien. In such cases the taking of personal security is held *prima facie* to be a waiver of the implied lien, but this is subject to be rebutted by proof. All this, however, does not apply to cases like this, where there is an express lien.

We think it cannot be held, in accordance with sound principle, that a party having a debt secured by a mortgage would lose the benefit of such security by taking judgment before a Justice, and accepting what he could not refuse if offered—a stay of execution.

We hold that the stayor, upon paying the debt, occupies equally as good a ground for substitution as the original surety upon the note.

It is next argued, that there was, in legal contemplation, but one vendor of the land—one lien retained to secure the payment of the purchase money, and that the vendor cannot be deprived of any part of his lien until the surety pays all the debt, when he will be substituted to the lien. This position, as applied to the present state of facts, is not tenable. In the case supposed in argument, where A sells land to B for $1,500, takes note with C security, C, upon paying $500 of the note, would not be entitled to share with A the benefit of the lien on the land, where it failed

to bring enough to pay the whole, for C was personally bound to pay the whole debt; and so, if the original surety on the notes in the present case had paid one of them, his right to substitution as to that note would be of no benefit to him, for he was likewise surety on the other notes, and the loss would fall upon him in any event.

It is certainly true, that a payment of any portion of any of the debts of the debtor would not discharge the lien pro rata, but the creditors would be entitled to the benefit of the lien upon the entire property for the balance.

Upon the division of the three notes the holder of each note became entitled to the benefit of the lien for its payment. As between themselves, their rights with respect to the lien were separate and distinct, as in the event of a deficit there would be a conflict of interest. In such case they would share the proceeds pro rata. It being conceded that such were the rights of the three original holders of the notes, and further, that the right or lien of John O. Ewing passed with the note to Warren & Moore, and again, that the complainant, upon paying this note, is substituted to the rights of Warren & Moore, the conclusion that he stands in the shoes of John O. Ewing with respect to the lien is irresistible. The defendants suffer nothing by this. If John O. Ewing had set up this claim, it is conceded they could not resist it. Their rights are not increased or diminished by the substitution of the complainant to his rights. The decree of the

Chancellor concedes that the complainant is entitled to be substituted to the benefit of the lien to the extent of the surplus. We think, if he be substituted at all, it must be to share the proceeds of the sale pro rata.

The decree will be reversed, and a decree entered accordingly, with the costs of this Court, the costs of the Court below to be paid out of the fund.